UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BME Fire Trucks LLC, an Idaho limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CINCINNATI CASUALTY COMPANY, an Ohio corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 1:23-cv-321-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is Plaintiff's Motion to File Third Amended Complaint (Dkt. 33), which seeks to add 223 Roedel Avenue LLC ("Roedel") as a plaintiff. Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court grants the motion.

  As also noted below, the Court is required to assess the impact on jurisdiction as a result of the proposed joinder. As the Plaintiff and Roedel are unincorporated entities (here, limited liability companies), citizenship is determined by that of their respective members. Accordingly, the Court orders Plaintiff and Roedel to show cause, within seven days of this order, that diversity jurisdiction exists.

**MEMORANDUM DECISION AND ORDER - 1**

I.   BACKGROUND

The original deadline for amending the complaint was December 22, 2023 (Dkt. 18). That day, Plaintiff moved to amend its complaint for the first time. Defendant did not object, and Plaintiff filed its first amended complaint on March 18, 2024. That same day, Plaintiff filed a stipulated motion to file a second amended complaint (Dkt. 23), which Defendant did not oppose and the Court granted on March 21. The parties then stipulated to amend the scheduling order on April 1 (Dkt. 25), and Plaintiff filed the Second Amended Complaint on April 2 (Dkt. 27). The parties further extended case deadlines by way of stipulation on July 10 (Dkt. 29), although as Defendant notes the pleading amendment deadline was not altered. Plaintiff then filed a Third Motion to Amend its Complaint on September 11 (Dkt. 33), which by its terms also seeks to join a new plaintiff—Roedel—and is currently at issue before the Court.[1]

On July 3, 2024, Plaintiff's deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure occurred, and either while preparing for or during the deposition it was disclosed that Roedel paid a portion of the damages currently sought to be recovered by Plaintiff (those concerning the gas pipeline). Roedel, apparently, owns the property and paid a portion of costs for repairing the property. Plaintiff operates the business and claims lost business income. Plaintiff's proposed amendment seeks to remedy that mismatch. The parties do not dispute that Roedel is a named insured under the same policy of insurance as Plaintiff or that Roedel's apparent portion of costs or damages arise out of the same underlying incident. Instead, the parties disagree regarding

---

[1]   The parties also filed a stipulation for this matter to be heard on an expedited basis (Dkt. 49). By virtue of this order that motion is now moot. Additionally, the Court acknowledges Docket 34 filed by Plaintiff and recognizes the instant motion is contested (Dkt. 34).

**MEMORANDUM DECISION AND ORDER - 2**

whether Plaintiff has acted diligently, which is appropriately the focus under Rule 16(b) of the Federal Rules of Civil Procedure.

The Court notes, however, that much of the basis Defendant relies on to argue Plaintiff's lack of diligence, if true, also establishes Defendant knew Roedel had a claim and will not be prejudiced by adding Roedel to this lawsuit. Prejudice is the key inquiry here. If, as Defendant asserts, Plaintiff should have asserted a "modicum" of effort to properly identify damages between Plaintiff and Roedel (Dkt. 46, p. 5), its insurer could too. Plaintiff has asserted damages to the gas pipeline all along, states both Plaintiff and Roedel are named insureds under the policy at issue, and argues Defendant knew of the leasing relationship between Plaintiff and Roedel from the beginning. Defendant does not disagree. Defendant asserted numerous affirmative defenses (Dkt. 15) and argues "Moffatt is the embodiment of both [Plaintiff] and Roedel" (Dkt. 46, p. 7). That Plaintiff is not the real party in interest to any of the claimed damages, however, is not one of those defenses. (Dkt. 15, pp. 11-18).

The parties were unable to stipulate to Plaintiff's proposed amendment. As a result, Plaintiff moved to file its Third Amended Complaint on September 11, 2024 (Dkt. 33), and Defendant opposed the motion on October 2 (Dkt. 46). Plaintiff filed its reply on October 8 (Dkt. 47), and the motion is now ripe for consideration.

## II.     LEGAL STANDARD

A party seeking to amend a pleading after the deadline for amendments must satisfy the "good cause" standard of Rule 16(b) in addition to the more liberal standard for amendment of pleadings under Rule 15(a). Once a court sets a case schedule under Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good

cause" inquiry under Rule 16 "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). The focus of the good cause analysis is on "the diligence of the party seeking the extension." *Id.* "If that party was not diligent, the inquiry should end." *Id.*; *Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Tr.*, No. 4:13-CV-00106-EJL-CW, 2015 WL 759003, at *1 (D. Idaho Feb. 23, 2015).

If good cause exists, the Court should freely grant leave to amend absent any apparent or declared reason—such as the movant's undue delay, bad faith, or dilatory motive; repeated failure to cure deficiencies; undue prejudice to the opposing party by virtue of allowing the amendment; or the amendment's futility. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis,* 371 U.S. 178, 182 (1962) (noting court may consider whether permissive joinder comports with principles of fundamental fairness). The *Foman* factors are not of equal weight. Specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). The most important factor is whether amendment would prejudice the opposing party. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). This analysis includes considering whether adding Roedel as a party plaintiff will impact the Court's diversity jurisdiction. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

Finally, Rule 20 is designed to promote judicial economy and to reduce inconvenience, delay, and added expense. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citing *Guedry v. Marino*, 164 F.R.D. 181, 185 (E.D. La. 1995)); *see also* Fed. R. Civ. P. 1. Under Rule 20, the Court must consider if the Plaintiff's and Roedel's asserted right to relief arise out of the same transaction or occurrence and whether a common question of law or fact to all parties will arise in

the action. *Bauer v. Bonner Cnty.*, 2024 WL 4277902, *4 (D. Idaho Sept. 24, 2024). Claims arise from the same transaction or occurrence if they share "similarity in the factual background of a claim" or "arise out of a systematic pattern of events." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 842-43 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting *Coughlin*, 130 F.3d at 1350).

## III. ANALYSIS

Plaintiff argues it has been diligent and that joinder is appropriate because (1) both Plaintiff and Roedel are named insureds under the policy of insurance at issue and the same events give rise to potential coverage for both, and (2) the individual most knowledgeable for both Plaintiff and Roedel, Mr. Moffatt, timely submitted the insurance claim on behalf of Plaintiff and Roedel (Dkt. 47, p. 3) (citing Declaration of William Bennett in support of motion, ¶¶ 4, 5). Defendant argues the motion should be denied because Plaintiff was not diligent. According to Defendant, Mr. Moffatt had actual or constructive notice of the true state of affairs concerning damages yet did *not* make an insurance claim on Roedel's behalf or include it as a plaintiff in this lawsuit (Dkt. 46, pp.4-5). Defendant also argues good cause has not been established under Rule 16 because Roedel's interest was already known to Plaintiff's principal, Mr. Moffatt, when this lawsuit was filed, and therefore not "discovered" by Plaintiff during litigation (Dkt. 46, p. 7).

### A. Joinder is Proper and Good Cause Exists to Amend the Complaint

Permissive joinder under Rule 20 contains two requirements. First, the claim of the party to be added must share a right to relief "jointly, severally, or in the alternative" with the present Plaintiff. Fed. R. Civ. P. 20. Second, a question of fact or law common to all plaintiffs will arise. *Id.* Here, these requirements are met.

As to the former, the issue Plaintiff faces is that alleged damages—those concerning the gas pipeline itself—belong to Roedel and have not been assigned or transferred. The parties do not dispute that both Plaintiff and Roedel are named insureds under the policy at issue. Indeed, Defendant appears to agree Roedel had a basis to make a claim under the policy at issue but did not specifically do so (Dkt. 46, p. 5) (". . . Roedel had a basis for submitting a claim to Cincinnati. But Roedel did not file a claim."). Both Plaintiff and Roedel are named insureds and they are (or would be) jointly seeking recovery for the same underlying incident which they would share severally. These facts satisfy the first prong of Rule 20.

As to the latter requirement, Defendants do not dispute that a basis for making claims exist or that Mr. Moffatt submitted a claim. Instead, Defendants posit the claim was submitted on behalf of Plaintiff alone. In response, Plaintiff posits Mr. Moffatt submitted the claim under the policy, generally and on behalf of both Plaintiff and Roedel. Roedel and Plaintiff would be proving the same case concerning coverage and liability (heavy trucks impacted gas lines) with the apparent difference being the type of damages incurred (property damage versus business interruption). There is "similarity in the factual background" of their legal claims. These satisfy the second prong of Rule 20.

Defendant's argument to the contrary is primarily that Plaintiff was not diligent in identifying Roedel's interest. As noted above, however, delay alone is insufficient. The Court is unaware of any prejudice to Defendant in these circumstances, especially in light of Roedel's ability to file a separate lawsuit if it has not already. Plaintiff asserts no other discovery or delay should be necessary, although it offers the opportunity. Defendant did not assert further discovery would be needed. While Defendant implicitly suggests the amendment is futile due to Roedel's

**MEMORANDUM DECISION AND ORDER - 6**

supposed failure to make an individual claim under the policy, neither party provides any legal analysis of that point.[2]

Finally, as Plaintiff notes in its reply memorandum, denial of this motion would result only in Plaintiff filing a separate lawsuit and later consolidating it into this action (Dkt. 47, p. 5). The Court agrees this scenario is the likely outcome and would be tantamount to granting the motion. Requiring a new lawsuit and consolidation, however, would waste judicial and party resources. Accordingly, the Court finds that Plaintiff has established good cause for its proposed amendment and that joinder of Roedel is proper.

### B. Plaintiff is Ordered to Show Cause Demonstrating Diversity Jurisdiction

In assessing whether granting Plaintiff's motion is appropriate, the Court considers the fundamental fairness to Defendant. This consideration includes whether adding Roedel will impact the Court's jurisdiction. Neither party addresses this issue, however. Plaintiff and Roedel are both limited liability companies whose citizenship, for diversity purposes, is dictated by that of their members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state

---

[2] This lawsuit has progressed beyond its infancy and any future requests for amendment of pleadings must satisfy Rule 16, specifically including concerns regarding diligence, futility, and prior opportunities to cure pleading deficiencies.
    The Court notes, however, that Defendant makes much of Roedel's supposed failure to submit a claim ("Why didn't Roedel file a claim? The Court's guess is as good as any.") (Dkt. 46, p. 5). But at least by April 13, 2023, it appears Roedel in fact *had* submitted an insurance claim. (*See id.*) (identifying "BME Fire" as shorthand for "Your Insureds," which includes "BME Fire Trucks LLC, Idaho Employer Resources, Boise Mobile Equipment Inc, 223 Roedel Avenue LLC, BME Firefighter Supply Inc, and BME Uplifting LLC.")
    Therein, "BME Fire," which by shorthand included Roedel, sought information on its "significant covered losses" and "its above-captioned insurance claim."

of which its owners/members are citizens."). Accordingly, Plaintiffs are ordered to submit information sufficient to establish complete diversity of citizenship among the parties, including Roedel, within seven days of the date of this order.

### IV.     ORDER

**IT IS ORDERED that:**

1. Motion to File Third Amended Complaint (Dkt. 33) is **GRANTED**. Third Amended Complaint to be filed by **October 29, 2024.**

2. Plaintiffs are ordered to show cause concerning diversity jurisdiction by **October 29, 2024.**

DATED: October 23, 2024

Amanda K. Brailsford
U.S. District Court Judge